IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**YORAM RAZZ**                                                                                         **PLAINTIFF**

V.                         Case No. 2:24-CV-2114

**STATE OF ISRAEL,
C/O PRIME MINISTER BENJAMIN NETANYAHU;
DANIEL PERRY, SHERIFF OF
CRAWFORD COUNTY, ARKANSAS;
JOSHUA WINFORD, CHIEF OF POLICE, DYER, ARKANSAS;
JOSEPH SAUNDERS, FIRE CHIEF, DYER, ARKANSAS;
JONATHAN WEAR, CHIEF OF POLICE,
VAN BUREN, ARKANSAS; AND ALDI, USA**                                    **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 57) of the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, filed in this case on March 6, 2025. All Defendants, other than the State of Israel, have filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; and Plaintiff Yoram Razz has moved for default judgment against the State of Israel. According to the Complaint, the Israel Security Agency, also known as Shin-Bet, has conducted a decades-long campaign of surveillance and harassment of Razz by various law-enforcement entities in each locale where he has lived since he immigrated to the United States in October 1987—including, most recently, in Crawford County, Arkansas, since 2012. Razz seeks relief from the remaining Defendants pursuant to 42 U.S.C. § 1983 for their alleged ties to and participation in Shin-Bet's campaign of surveillance and harassment against him in Crawford County.

The R&R recommends granting all Motions to Dismiss (Docs. 4, 8, 20, 26), denying Razz's Request to Enter Default Against State of Israel (Doc. 49), and denying as moot

Razz's Motion to Waive Requirement of Hebrew Translation (Doc. 52). On April 11, 2025, Razz filed Objections to the R&R (Doc. 63), which triggered this Court's *de novo* review of the entire record.

The Court finds that the majority of the objections are plainly frivolous and fail to engage with the legal reasoning in the R&R in any respect. More substantively, Razz asserts that the R&R demonstrates a lack of subject-matter familiarity with the allegations he brings against Shin-Bet and the State of Israel, and Razz believes the R&R mischaracterizes his previously filed—and dismissed—lawsuits in Louisiana, Oklahoma, and Arkansas. Having reviewed the Complaint, the Motions to Dismiss, Razz's Responses, and the Objections, the Court agrees with the Magistrate Judge's recommended dismissal of the case and **OVERRULES** all Objections. The Court agrees with the Magistrate Judge that the factual allegations are fairly be characterized as irrational and wholly incredible, or else conclusory and speculative. The Complaint is therefore subject to dismissal under Rule 12(b)(6).

As for Razz's attempted service of process upon the State of Israel, the Court agrees with the Magistrate that service was defective, and the Complaint does not plausibly allege a waiver of sovereign immunity under the non-commercial tort exception for the reasons described in the R&R. (*See* Doc. 57, pp. 18–20).

Accordingly, **IT IS ORDERED** that the R&R is **ADOPTED IN ITS ENTIRETY**. Defendants' Motions to Dismiss (Docs. 4, 8, 20, and 26) are **GRANTED**; Razz's Rule 55(a) Request to Enter Default Against State of Israel (Doc. 49) is **DENIED**; Razz's Motion to Waive Requirement of Hebrew Translation (Doc. 52) is **DENIED AS MOOT**; and this case is **DISMISSED**. Judgment will enter concurrently with this Order.

3

**IT IS SO ORDERED** on this 17th day of April, 2025.

                                               */s/ Timothy L. Brooks*
                                               TIMOTHY L. BROOKS
                                               UNITED STATES DISTRICT JUDGE